UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTHEW JAMES LINDSEY, | CASE NO. C17-1818-JCC |
| Plaintiff, | MINUTE ORDER |
| v. | |
| DONALD J. TRUMP, | |
| Defendant. | |

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court *sua sponte*. On December 6, 2017, Magistrate Judge Brian Tsuchida granted Plaintiff's motion to proceed *in forma pauperis* and recommended the complaint be reviewed under 28 U.S.C. § 1915(e)(2)(B) prior to the issuance of a summons. (Dkt. No. 2).

Plaintiff lists the Defendant as Donald J. Trump, "Fmr. President of the United States." (Dkt. No. 3 at 2.) Plaintiff alleges violations of the Nuclear Non-Proliferation Act of 1978, 22 U.S.C. § 3201 and the Treaty on the Prohibition of Nuclear Weapons. (*Id*. at 3.) He seeks the following relief: "Arrest of Chain of Command, Impeachment, allow a Military Tribunal." (*Id*.) Plaintiff includes no factual allegations in his complaint, but attached three documents—two articles from the website Wikipedia.org, and a Resolution from the United Nations Security

Council adopted on November 21, 2017. (Dkt. Nos. 3-1, 3-2, 3-3.)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* complaint at any time if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Plaintiff has neither presented a cognizable legal claim nor alleged facts that demonstrate his claim for relief is plausible. Plaintiff makes conclusory allegations that Defendant has violated a federal law and treaty, without providing any facts to support the claim. (Dkt. No. 3 at 2.) The attachments to Plaintiff's complaint do not help the Court to decipher his legal theory. Nor does Plaintiff state a cause of action that would allow him to bring his lawsuit. Plaintiff's claim is also frivolous because it "lacks an arguable basis in fact or law." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Even in applying the Ninth Circuit's directive to construe *pro se* complaints liberally, the Court cannot find that Plaintiff has stated a claim upon which relief can be granted. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, the Court will not dismiss a claim unless "it is absolutely clear that no amendment can cure the [complaint's] defects." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (citation omitted).

Accordingly, the Court ORDERS that Plaintiff shall file an amended complaint no later than twenty-one (21) days from the date of this order. In his amended complaint, Plaintiff must include a short and plain statement demonstrating to the Court that there is a legal basis for his claims against Defendant. Plaintiff shall identify facts that demonstrate Defendant violated the law and how Plaintiff is entitled to relief as a result of the violation. Finally, Plaintiff must

request forms of relief that the Court can actually grant.

The Clerk is DIRECTED to mail a copy of this order to Plaintiff at 1612 Bothell Everett Hwy, Suite 354, Mill Creek, WA 98012.

DATED this 7th day of December 2017.

William M. McCool
Clerk of Court

s/Tomas Hernandez
Deputy Clerk